(By the Court.
— This is a contest for land in chancery. Helm’s heirs were complainants in the original *111 Buk, and Craig was defendant. Craig relied solely ®a having the elder legal title, of which he cannot be divested, until Helm’s heirs have shewn that they claim under an equitable title of prior date. They rely on the following location and entries :
November the 18 th 1779, “Leonard Helm, by Col. George Rogers Clarke, this day claimed a settlement and pre-emption to a tract of land lying on a branch of Jessamine creek, a branch of Kentucky, about three miles from the mouth of the said creek, by the said Helm improving the same in the year 1776, and residing in the country twelve months since. Satisfactory proof being made to the court, they are of opinion the said Helm has a right to a settlement of 400 acres of land, including the said improvement, and the pre-emption of 1000 acres ad» joining, and that a certificate issue accordingly.”
“ December the 7th, 1779, Leonard Helm enters 400 acres by certificate, &c. lying on a branch of Jessamine creek, a branch of Kentucky, about three miles from the mouth of said creek.”
“July the 18th 1780, Leonard Helm enters a preemption warrant of 1000 acres adjoining his settlement bn Jessamine creek, on the upper and lower side.”
It appears that the court below decreed the bill of the complainants to be dismissed, with costs; that on an appeal, this court, at a former term, were of opinion that ¡the location and entries which have been recited ought to be sustained ; and decreed that the complainants should recover of the defendant so much of his land as interfered with theirs, as should be found to lie within surveys made on Helm’s settlement and pre-emption, when laid off as directed by the decree. And on it being suggested by the counsel for Craig, that this decree was erroneous, a re-hearing was ordered, on several points then exhibited ; the first of which, is, that neither of the improvements shewn as Leonard Helm’s, was so notorious, or so decribed by either the certificate granted to him by the commissioners, or his entries with the surveyor, as to authorise the establishment of this claim. Helm’s claim npt only being of prior date, but of supe» rior dignity to that of Craig’s, seems to deserve great indulgence in supporting it. But when tested by the land law, and the current of decisions in similar cases, this court now finds itself constrained to change its former *112 oplnioh ; because the location and entries call to include an improvement made by Leonard Helm on a branch of -Jessamine creek, about three miles from the mouth of the said creek ; and.two. improvements made by Leonard Helm are shewn, about three or four miles from the mouth of an east branch of Jessamine, and about six or seven miles from the mouth of the creek. The grammatical and most obvious construction, of the call, is the mouth of Jessamine ; and there is nothing to enable the court to pronounce that the mouth of the branch was in-, tended ; so that this description would rather tend to mislead than to guide other persons to those improvements. But could it with propriety be presumed, that Jessamine creek was well known about that time, the plat exhibited in , the suit shews that there were other branches emptying into the creek which fit the calls in question equally well, or better ; and it is conceived it would be imposing an unreasonable task on other locators, to explore all those branches to find Helm’s improvement; not to say, that the east branch on which the improvement is shewn had an appropriate name long before Helm obtained a certificate for his settlement and pre-emption, and it not having been called for by that name, would tend to deception. The imperfections of the calls in Helm’s location and entries which have been examined, are so great that they could only have been cured by his improvement or improvements having been generally known to those acquainted with that part of the country. But so far from this having been proven to be the case, it does not even appear that they were known to the greater number of the persons who were conversant in their vicinity. These being the inw pressions of the court, on a review of the case, it is unnecessary to notice the other points which have been made.
Former decree reversed.